**Affirmed and Opinion filed March 6, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-16-00787-CR

**BRIAN ANTHONY CHEEK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 03CR1089**

## O P I N I O N

Appellant Brian Anthony Cheek challenges the trial court's judgment revoking his community supervision. Appellant asserts that the State violated his constitutional rights to a speedy trial and that the trial court abused its discretion in denying his motion to suppress evidence allegedly obtained in violation of the Fourth Amendment of the United States Constitution. We conclude that appellant did not preserve error on his speedy-trial complaint and that the trial court did not abuse its discretion in denying appellant's motion to suppress. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2004, appellant was charged with engaging in organized criminal activity, specifically the burglary of a habitation. Appellant pled "guilty" and the trial court sentenced him to ten years' confinement. The trial court then suspended the sentence and placed appellant on community supervision.

Appellant's community supervision required, among other things, that appellant (1) commit no offense against the laws of the State of Texas or of any other State, the United States or any governmental entity, (2) report in person to the supervision officer at least once each month, (3) abstain from the use or possession of any drugs, except those taken or possessed under doctors' orders, and (4) participate in a program designed to detect controlled substances.

*The Traffic Stop*

One night in October 2011, Officer Scott Karpowicz, patrolling in his vehicle, saw six lights coming from the front of appellant's truck. The officer suspected the driver was violating Texas Transportation Code section 547.302, which regulates the types of lights that can be lighted on the front of a motor vehicle. *See* Tex. Transp. Code Ann. § 547.302 (West, Westlaw through 2017 1st C.S.). So, the officer initiated a traffic stop. As a result of the stop appellant was charged with possession of a controlled substance and driving with an invalid license. Also, as a result of the traffic stop, Officer Karpowicz became aware that a neighboring county had issued a warrant for appellant's arrest for driving with an invalid license.

*Motion to Revoke Appellant's Community Supervision*

In 2012, the State filed a motion to revoke appellant's community supervision. The State alleged that appellant violated the terms of his community

supervision by,[1] (1) committing the offense of driving with an invalid license, (2) being arrested on a warrant from another county for driving with an invalid license, (3) failing to report to his adult community-supervision officer as ordered, and (4) submitting a urine sample that tested positive for amphetamines.

Time and again the trial court reset the hearing on the motion to revoke appellant's community supervision while other cases against appellant went to trial in neighboring counties. Before the revocation hearing, appellant filed a motion to dismiss and a motion to suppress evidence. The trial court denied both motions.

### Evidence at the Revocation Hearing

At the hearing on the State's motion to revoke appellant's community supervision, Officer Karpowicz testified that during the traffic stop he discovered that appellant had a suspended driver's license and an outstanding warrant for appellant's arrest in Waller County. Appellant's community-supervision officer testified that appellant did not report in January, February, March, April, August, or December of 2011 nor in January or February of 2012.

### Trial Court's Findings

The trial court found "true" to the State's allegations that appellant committed the offense of driving without a license, that appellant was arrested for driving with an invalid license in Waller County, and failed to report to his adult community-supervision officer as ordered in January, February, March, April, August, and December of 2011 and January and February of 2012. The trial court found "not true" to the State's allegation that appellant submitted a urine sample that tested positive for amphetamines.

---

[1] The State alleged also that appellant committed the offense of possession of a controlled substance, but the State later abandoned this allegation.

The trial court heard evidence on numerous extraneous offenses that the State had not alleged in the motion to revoke appellant's community supervision. The trial court revoked appellant's community supervision and reduced his sentence to seven years' confinement.

## Speedy Trial Argument

In his first issue, appellant asserts that the trial court erred in denying his motion to dismiss the State's motion to revoke appellant's community supervision because the delay in hearing the motion to revoke violated his federal constitutional right to a speedy trial under the Sixth and Fourteenth Amendments and his right to a speedy trial under article I, section 10 of the Texas Constitution.

In the motion to dismiss, appellant alleged that "since the filing of the Motion to Revoke on December 6, 2011, the state has not used due diligence to bring the probationer to a revocation hearing." Appellant argued that the trial court should dismiss the motion to revoke appellant's community supervision because under Texas law, a revocation hearing cannot be held after the probationary period has expired unless the State exercises due diligence in pursuing the hearing. In support of the motion, appellant cited *Brecheisen v. State*, 4 S.W.3d 761 (Tex. Crim. App. 1999); *Harris v. State*, 843 S.W.2d 34 (Tex. Crim. App. 1992); and *Peacock v. State*, 77 S.W.3d 285 (Tex. Crim. App. 2002). All three cases relate to due diligence. *Peacock*, 77 S.W.3d at 285–92; *Brecheisen*, 4 S.W.3d at 761–65; *Harris*, 843 S.W.2d at 34–36. In none of them do the courts discuss any constitutional right to a speedy trial. *Peacock,* 77 S.W.3d at 285–92; *Brecheisen*, 4 S.W.3d at 761–65; *Harris*, 843 S.W.2d at 34–36. At the hearing on the motion to dismiss, appellant continued to argue that the State did not exercise due diligence in bringing appellant to trial. Appellant did not mention "speedy trial" or invoke any constitutional right or direct the trial court's attention to any argument or

4

authorities relating to speedy trial. The record contains nothing that would have alerted the trial court to a speedy-trial issue.

To present a complaint on appeal, the record must show that the objecting party made the complaint to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). Texas Rule of Appellate Procedure 33.1 places the burden on appellant to clearly convey to the trial judge the particular complaint, including the precise application of the law as well as the underlying rationale. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Error preservation does not involve a hyper-technical or formalistic use of words or phrases, but to avoid forfeiting a complaint on appeal, the party must let the trial judge know what relief the party seeks, why the party is entitled to the requested relief, and to do so clearly enough for the judge to understand the issue at a time when the judge can do something about it. *Id.* Requiring parties to state their complaints precisely gives the trial court a chance to rule on the objection by informing the judge of the basis for it and also gives the opposing side a chance to respond to the complaint. *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). Appellant was required to preserve error on his claim that the delay in hearing the motion to revoke his community supervision violated his constitutional right to a speedy trial. *See Dunn v. State*, 819 S.W.2d 510, 526 (Tex. Crim. App. 1991). Presenting a statutory or common-law speedy-trial claim to the trial court does not preserve error on a claim that the State has violated appellant's constitutional right to a speedy trial. *See id.* Because appellant failed to preserve error on his complaint that the State violated his constitutional right to a speedy trial, we overrule appellant's first issue.

## Motion to Suppress Argument

Appellant next contends that the trial court abused its discretion in denying his motion to suppress on the grounds that Officer Karpowicz did not have reasonable suspicion to believe that appellant was committing a traffic violation when he stopped appellant's truck. Appellant points to the officer's testimony and argues that the officer's mistaken belief about the law led to the traffic stop. According to appellant, Officer Karpowicz incorrectly believed any vehicle with six lights shining from the front of the vehicle violated Transportation Code section 547.302 when, appellant contends, in reality if some of the lights on the front of the vehicle were fog lights or different types of auxiliary lights, the lighting combination would not violate section 547.302.

At the hearing on the motion to suppress, Officer Karpowicz testified that he stopped appellant's truck because he saw six headlights illuminated on the front and suspected a section 547.302 violation. According to Officer Karpowicz, when he made the stop, two original headlamps and four after-market headlamps were shining from the front of the truck.

During cross-examination, defense counsel questioned Officer Karpowicz about permissible combinations of lights and the officer agreed that in addition to four headlamps, it is permissible to have other lamps illuminating the front of a vehicle, including fog lamps. When asked about the Transportation Code's definition of a headlamp, Officer Karpowicz could not recall the specific definition, but stated "I know what a headlamp is." Officer Karpowicz agreed that the Transportation Code had different definitions for fog lamps, auxiliary lamps, and spotlamps and acknowledged that he did not know the candlepower of the lights on appellant's truck.

On recross examination, the prosecutor followed up with a hypothetical

question:

> [Prosecutor]: "If the Transportation Code actually specified that you simply can't have more than four lights, and included in its definition is spotlights or other types of auxiliary lamps, based on that, would the defendant have been in violation when you pulled him over?
>
> [Officer Karpowicz]: With the amount of lights he had illuminated, yes.

Defense counsel showed Officer Karpowicz a photograph of a truck. Officer Karpowicz acknowledged that the truck looked like appellant's truck, but the officer testified that he had not taken the photograph nor did he know who took the photograph or when it was taken. Officer Karpowicz testified that the truck in the photograph had only four headlamps, not six. Appellant testified that the photograph depicted his truck on the night Officer Karpowicz made the traffic stop. Appellant testified that the truck contained four headlamps and two fog lamps.

### Standard of Review

We review a trial a trial court's ruling on a motion to suppress under a bifurcated standard. *Ramirez-Tamayo v. State*, No. PD-1300-16, 2017 WL 4159140, at *4 (Tex. Crim. App. Sept. 20, 2017). As long as the record supports the trial court's determination of historical facts, and mixed questions of law and fact that rely on credibility, we grant those determinations almost total deference. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). We review de novo the trial court's application of the law to the facts. *Ramirez-Tamayo*, 2017 WL 4159140, at *4. When, as in this case, the trial judge does not make formal findings of fact, we uphold the trial court's ruling on any theory of law applicable to the case and presume the court made implicit findings in support of its ruling if the record supports those findings. *Tutson v. State*, 530 S.W.3d 322, 326 (Tex.

7

App.—Houston [14th Dist.] 2017, no pet.).

Under the Fourth Amendment, an officer must have reasonable suspicion to justify a warrantless detention that amounts to less than a full custodial arrest. *Kerwick*, 393 S.W.3d at 273. An officer may make a traffic stop if the reasonable-suspicion standard is satisfied. *State v. Cortez*, No.PD-0228-17, 2018 WL 525696, at *4 (Tex. Crim. App. Jan. 24, 2018). An officer has reasonable suspicion if the officer has specific, articulable facts that, combined with rational inferences from those facts, would lead the officer reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Id.* We review reasonable suspicion by considering the totality of the circumstances. *Id.* When a police officer stops an individual without a warrant, the State has the burden of proving the reasonableness of the stop at a suppression hearing. *Id.* Because the police arrested appellant without a warrant, the State had the burden to prove that reasonable suspicion for the traffic stop. *See id.*

Texas Transportation Code section 547.302, entitled "Duty to Display Lights," provides:

> (a) A vehicle shall display each lighted lamp and illuminating device required by this chapter to be on the vehicle:
>
> (1) at nighttime; and
>
> (2) when light is insufficient or atmospheric conditions are unfavorable so that a person or vehicle on the highway is not clearly discernible at a distance of 1,000 feet ahead.
>
> (b) A signaling device, including a stoplamp or a turn signal lamp, shall be lighted as prescribed by this chapter.
>
> (c) At least one lighted lamp shall be displayed on each side of the front of a motor vehicle.
>
> (d) Not more than four of the following may be lighted at one time on the front of a motor vehicle:

(1) a headlamp required by this chapter; or

(2) a lamp, including an auxiliary lamp or spotlamp, that projects a beam with an intensity brighter than 300 candlepower.

Tex. Transp. Code Ann. § 547.302. Other sections contain specifications and restrictions for various types of lamps for motor vehicles. Section 547.327 provides that a motor vehicle may be equipped with not more than two spotlamps. Tex. Transp. Code Ann. § 547.327 (West, Westlaw through 2017 1st C.S.). Section 547.328 provides that a motor vehicle may be equipped with not more than two fog lamps. Tex. Transp. Code Ann. § 547.328 (West, Westlaw through 2017 1st C.S.). And, sections 547.330 and 547.331 permit auxillary lamps. *See* Tex. Transp. Code Ann. §§ 547.330–331 (West, Westlaw through 2017 1st C.S.). None of these sections authorize additional headlamps.

Officer Karpowicz testified that he knew what a headlamp was and that he stopped appellant because appellant's truck had six headlamps. Officer Karpowicz's response to the prosecutor's hypothetical question did not show Officer Karpowicz did not know or follow the law. The officer answered affirmatively when the prosecutor asked if appellant would have violated the law if the law prohibited more than four lamps. Appellant contends that this testimony shows that Officer Karpowicz disregarded the law. Officer Karpowicz's answer to the prosecutor's hypothetical inquiry did not indicate the officer's understanding of Texas law. Instead, Officer Karpowicz's answer was a conditional statement – his response hinged on the validity of the prosecutor's hypothetical premise. Officer Karpowicz's statement was not a positive statement about his own understanding of Texas law. Throughout the rest of his testimony, Officer Karpowicz demonstrated that he understood that a vehicle may have more than four lamps as long as the vehicle does not have more than four headlamps. Even if Officer Karpowicz was mistaken about the way Texas law governs scenarios in which

vehicles have four headlamps and various additional lamps, that mistake would not impact appellant's case. Officer Karpowicz testified that he knew what a headlamp was and that appellant's truck had six headlamps: two standard headlamps and four auxiliary headlamps. In his brief, appellant admits that lighting a vehicle with two headlamps and four auxiliary headlamps violates section 547.302. But, appellant contends that the trial court lacked the discretion to believe Officer Karpowicz's testimony because the officer did not specify in his police report the details about the six lamps he saw on the truck. Though less detailed, the police report does not conflict with Officer Karpowicz's testimony.

Appellant also points to photographs of his truck that he contends show the truck did not have six headlamps. But, no trial witness knew when the photographs had been taken or who took them. The trial judge was entitled to disbelieve appellant's testimony that the photograph accurately represented the state of appellant's truck when Officer Karpowicz made the traffic stop. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (noting trial judge is entitled to believe or disbelieve all or any part of a witness's testimony even if that testimony is not controverted). While Officer Karpowicz testified that the truck in the photographs looked like appellant's truck, he did not testify that the photograph accurately depicted the lighting on appellant's truck at the time of the traffic stop.

Appellant argues that Officer Karpowicz did not know the candlepower of the lights, but the officer testified that he knew what a headlamp was and that appellant's truck had six headlamps. Appellant testified that the truck had four headlights and two fog lights. The trial court was entitled to disbelieve appellant's testimony and to credit Officer Karpowicz's testimony. *See Ross*, 32 S.W.3d at 855. The trial court had the discretion to determine that Officer Karpowicz initiated the traffic stop because he saw six headlamps. *See id.* And, because

lighting a truck with six headlamps violates section 547.302, the trial court did not abuse its discretion in determining Officer Karpowicz had reasonable suspicion to stop appellant's truck. *See Cortez*, 2018 WL 525696, at \*4; *Garza v. State*, 474 S.W.3d 825, 828–31 (Tex. App.—Houston [1st Dist.] 2015, no pet.). We conclude the trial court did not abuse its discretion in denying appellant's motion to suppress. We overrule appellant's second issue.

Having overruled appellant's issues, we affirm the trial court's judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jewell.
Publish — TEX. R. APP. P. 47.2(b).

11