

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00584-CR

Jody Ybarra **SALDIVAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR6803
Honorable Frank J. Castro, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: September 26, 2018

AFFIRMED

Jody Ybarra Saldivar appeals the trial court's judgment revoking his community supervision and sentencing him to ten years' imprisonment. We affirm the trial court's judgment.

### BACKGROUND

On May 18, 2009, Saldivar pled no contest to a single count of burglary of a habitation with intent to commit assault and received a sentence of ten years, which was probated for eight years. The State filed a motion to revoke Saldivar's community supervision on August 29, 2016. The motion alleged commission of a new criminal offense, sexual assault of a child, on or about

June 10, 2011 in Brazos County, Texas. A capias for Saldivar's arrest on the motion to revoke issued the same day. The revocation hearing was held on August 28, 2017. Saldivar pled "true" to violating Condition No. 1 of his community supervision by committing the alleged sexual assault of a child. The State told the trial court there was "an agreement for five years TDC in this case to run concurrent with his [Saldivar's] sexual assault of a child case out of Brazos County." Counsel explained that Saldivar pled to the sexual assault offense in Brazos County in February 2016, and was serving a five-year sentence in TDCJ. The trial court inquired about the facts of the child sexual assault case, and then revoked Saldivar's community supervision and sentenced him to ten years' imprisonment.[1] Saldivar appealed.

## ANALYSIS

On appeal, Saldivar asserts his trial counsel rendered ineffective assistance by failing to urge his right to a speedy trial on the State's motion to revoke. *See* U.S. CONST. amends. VI, XIV (right to speedy trial); TEX. CONST. art. 1, § 10; *see also Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978) (constitutional right to speedy trial applies to probation revocation proceeding). Saldivar also argues counsel was deficient because the failure to raise a speedy trial complaint in the trial court waived appellate review of the issue. *See Cheek v. State*, 543 S.W.3d 883, 887 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (defendant must preserve claim that delay in revocation hearing violated his constitutional right to a speedy trial by making trial court aware of the particular complaint and relief sought).

To prevail on a claim of ineffective assistance of counsel, the defendant bears the burden to prove by a preponderance of the evidence that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984);

---

[1] The trial court subsequently signed a judgment *nunc pro tunc* correcting the amount of credit for time served.

*Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. We apply a strong presumption that counsel's conduct was within the range of reasonable professional assistance and was motivated by sound trial strategy. *Id.* at 689. To rebut this presumption, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). To show prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688; *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). Failure to make the required showing of either deficient performance or prejudice defeats an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813.

Saldivar filed a *pro se* motion requesting a speedy revocation hearing on October 27, 2016, approximately two months after the State filed its motion to revoke. The revocation hearing was held ten months later, on August 28, 2017. Counsel was appointed to represent Saldivar at the revocation hearing; the record does not reflect the date of counsel's appointment. Saldivar argues that his counsel performed deficiently by failing to bring his speedy trial motion to the trial court's attention. Saldivar asserts that, if the trial court had been made aware of his speedy trial request, it would have dismissed the State's motion to revoke.[2]

Even assuming that Saldivar's counsel's performance was deficient under the first *Strickland* prong, Saldivar has not shown a reasonable probability that the outcome of the

---

[2] Saldivar also argues his counsel was deficient for failing to raise a "due diligence" defense at the revocation hearing. However, the common law due diligence defense was eliminated and replaced by a limited affirmative defense in section 24 of article 42.12 of the Code of Criminal Procedure, which does not apply to Saldivar. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24 (restricting the affirmative defense of due diligence to probation violations based on an alleged failure to "report to a supervision officer as directed or to remain within a specified place") (repealed by Acts 2015, 84th Leg., ch. 770, § 3.01, eff. Jan. 1, 2017).

revocation proceeding would have been different if the speedy trial motion had been urged. *See Strickland*, 466 U.S. at 688 (prejudice prong); *see also Garza*, 213 S.W.3d at 348. Saldivar argues he was prejudiced by counsel's deficiency because the motion to revoke would have been dismissed based on a speedy trial violation due to the lengthy delay. However, even assuming the length of the one-year delay between the filing of the State's motion and the revocation hearing is presumptively prejudicial, thereby triggering a review of the *Barker v. Wingo* factors, Saldivar has failed to provide a sufficient record to establish that he would have prevailed on his speedy trial claim in the trial court under the *Barker* analysis. *See Barker v. Wingo*, 407 U.S. 514, 530-31 (1972); *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014). In analyzing a speedy trial claim, courts weigh and balance the *Barker* factors of (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4) prejudice from the delay. *Barker*, 407 U.S. at 530-31; *Gonzales*, 435 S.W.3d at 808; *Carney*, 573 S.W.2d at 26-27 (applying *Barker* factors in context of revocation proceeding). The burden is on the State to justify the length of delay, but it is the defendant's burden to establish assertion of the right to a speedy trial and prejudice caused by the delay. *Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008).

Having assumed that the delay was longer than the minimum needed to trigger a *Barker* analysis, we also conclude that the delay of almost a full year between the filing of the motion to revoke and the required hearing would weigh heavily against the State. *See Gonzales*, 435 S.W.3d at 809. Related to the length of delay is the reason assigned by the State to justify the delay. *Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002). The record contains no re-sets of the revocation hearing by either party; it appears the August 28, 2017 hearing was the first setting. The State asserts in its brief that Saldivar was transferred from TDCJ into Bexar County custody on a bench warrant for the revocation matter on July 28, 2017, but offers no explanation for the lengthy delay in obtaining the bench warrant. While the record is silent on the reason for

the State's delay, there is also nothing in the record to indicate the State delayed the revocation hearing in bad faith or in a deliberate attempt to disadvantage the defense, rather than due to negligence. *See id.* Thus, this factor would weigh against the State, but not heavily. *See, e.g., id.* at 649-51; *Huff v. State*, 467 S.W.3d 11, 29 (Tex. App.—San Antonio 2015, pet. ref'd) (because State offered no explanation for the delay, but record indicated negligence, factor weighed against State but not heavily).

With respect to the third *Barker* factor, Saldivar did file a *pro se* motion requesting a speedy hearing on the State's motion to revoke. His motion was filed two months after the State's motion to revoke was filed. However, Saldivar's motion does not assert his right to a speedy trial under the federal and state constitutions, but rather requests that a revocation hearing be held within twenty days based on article 42.12, § 21(b–2) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b–2) (repealed by Acts 2015, 84th Leg., ch. 770, § 3.01, eff. Jan. 1, 2017). The purpose of the twenty-day deadline imposed by section 21(b–2), upon the defendant's motion, is to prevent lengthy pre-trial incarceration of a defendant who is eligible for but has not been released on bail pending the revocation hearing. *Id.*; *Aguilar v. State*, 621 S.W.2d 781, 784 (Tex. Crim. App. 1981) (noting that twenty-day requirement for hearing on motion to revoke "was intended to provide probationers who are not released on bail protection against excessive pre-hearing confinement"). Here, Saldivar was serving a five-year prison sentence on another conviction when the motion to revoke was filed; therefore, he was not eligible for bail and was not subjected to pre-trial incarceration on the motion to revoke during the period of delay before the hearing. In addition, there is nothing in the record to show that Saldivar attempted to bring his speedy trial request to the trial court's attention or to obtain a hearing or ruling on his motion. Thus, this factor would weigh heavily against Saldivar. *See, e.g., Huff*, 467 S.W.3d at 30.

Finally, with respect to the fourth *Barker* factor, we note that prejudice is assessed in view of a defendant's interests which the speedy trial right is designed to protect: "1) to prevent oppressive pretrial incarceration; 2) to minimize anxiety and concern of the accused; and 3) to limit the possibility that the defense will be impaired." *Zamorano*, 84 S.W.3d at 652 (citing *Barker*, 407 U.S. at 532). There is nothing in the record to implicate any of these three interests in this case. Saldivar had been in prison since February 2016 on the five-year sentence on his child sexual assault conviction when the motion to revoke was filed in August 2016. Therefore, he was not subject to any pretrial incarceration due to the pending motion to revoke during the one-year delay before the revocation hearing. There is no evidence that Saldivar experienced anxiety and concern arising from the delay in his revocation hearing. He did not file a motion for new trial, so no hearing was held at which he could have presented evidence of his anxiety or concern. Finally, Saldivar had already pled to and been convicted of the Brazos County sexual assault before the motion to revoke was filed, and he pled "true" to violating Condition No. 1 of his community supervision due to commission of the Brazos County offense. This is not a case where the delay impaired a defendant's ability to prepare and present a defense to the allegations against him. *See Cantu v. State*, 253 S.W.3d 273, 285 (Tex. Crim. App. 2008) (noting the third interest is the most serious because a defendant's inability to prepare his defense affects the fairness of the entire system). Saldivar was convicted of the child sexual assault offense several months before the motion to revoke was filed. An earlier revocation hearing would not have preserved any defense or changed the fact of his conviction on a new offense in violation of Condition No. 1 of his community supervision. Thus, Saldivar could not have shown that he was prejudiced by the delay in his revocation hearing, and this factor would weigh heavily against him.

Balancing the *Barker* factors, the length of the delay would weigh heavily in favor of a speedy trial violation and the absence of any reason for the delay also would weigh in favor of a

violation, but less so. The third and fourth factors would weigh heavily against a finding of a speedy trial violation in that Saldivar did not assert his constitutional right to a speedy trial and the statutory right he did assert was not applicable to him. Finally, Saldivar failed to establish that he suffered any prejudice as a result of the delay in the revocation hearing. The weight of the four factors, when balanced together, would militate against a finding of a speedy trial violation. Therefore, Saldivar has failed to show that he would have obtained a dismissal of the motion to revoke on speedy trial grounds if his trial counsel had raised the issue in the trial court. Thus, he has failed to establish the prejudice prong of the *Strickland* test and his claim of ineffective assistance therefore fails.

## CONCLUSION

Based on the foregoing reasons, we hold Saldivar has failed to prove that his counsel rendered ineffective assistance at the revocation hearing. We therefore affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH