**Affirmed and Opinion filed February 27, 2020**



In The

# Fourteenth Court of Appeals

---

### NOS. 14-18-00718-CR
### 14-18-00719-CR

---

### JERRY WILTZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1514086 & 1570825**

---

## O P I N I O N

Appellant Jerry Wiltz appeals his convictions for the aggravated robbery of two retail stores. He seeks appellate relief based on a single complaint: the trial court erred in denying his motion to suppress data found on his cell phone. Because appellant abandoned the cell phone in his open car when he fled from the police, we conclude he lacked standing to challenge the constitutionality of the cell-phone search. We affirm.

# I. PROCEDURAL AND FACTUAL BACKGROUND

On June 13, 2016, two armed, masked men entered a Zone D'Erotica store, held its clerk at gun point, and stole money and other things from the store. Later that night, the same thing happened at another Houston-area Zone D'Erotica store. Two nights later, Harris County Sherriff's Office Jose Castellanos stopped appellant's vehicle around 4:00 am for a traffic violation. Officer Castellanos testified that when he walked up to the door of the vehicle, he smelled marijuana. Appellant was in the driver's seat and Peter Vanderveen was sitting next to him. Castellanos asked appellant to get out of the car and he did so. Castellanos then handcuffed appellant. During this time, Vanderveen casually stepped out of the passenger side of the vehicle, paused for a moment, and then took off running. Officer Castellanos ultimately caught Venderveen, but during their foot race, appellant fled. Appellant did not return to the scene.

After securing Venderveen in the patrol car, Officer Castlellanos began to inventory the contents of the vehicle. Castellanos found, among other items, a gun, two bags of marijuana, still-packaged drug paraphernalia, and sex toys. He also found a cell phone by the driver's seat. At the suppression hearing, Officer Castellanos testified that he looked through the phone to identify its owner. In viewing text messages he found an address and appellant's name "on the owner detail portion of the message."

Appellant was charged by two indictments with the aggravated robbery of each of the stores. Appellant filed a pre-trial motion to suppress, asking the trial court to exclude all evidence seized from appellant's cell phone on the grounds that the police officer obtained the cell phone through an unreasonable, warrantless search to which no exceptions to the warrant-requirement applied.

The State argued that appellant had abandoned the cell phone when he left the property in the vehicle and fled the scene. The suppression hearing took place over several days. At the conclusion of the hearing, the trial court agreed with appellant that many of the warrantless-search exceptions did not apply to the facts as presented, but the trial court denied appellant's motion to suppress on the ground that appellant had abandoned the cell phone.

At trial, the State presented Todd Messina, who had been a manager at the Willow Chase Zone D'Erotica in 2016. Messina testified that he had hired appellant to work at the Willow Chase store and that appellant had worked there for a while before being fired. Messina testified that after another employee was promoted, appellant threatened Messina. Messina identified appellant as one of the men appearing on the surveillance videos taken of the robbery at the Willow Chase store. The State also offered the following evidence from the cell phone Officer Castellanos discovered:

- Photographs of appellant, including one showing him holding a firearm;

- Text messages that characterized appellant as a marijuana dealer; and

- Text messages suggesting that appellant committed the robberies as a sort of revenge against Messina.

In closing argument, the State focused on the text messages and dubbed them "the best evidence that [appellant] committed the[] robberies[.]"

The jury returned a "guilty" verdict in both cases. The trial court accepted the jury's assessment of punishment, and then sentenced appellant to ten years' confinement for each aggravated- robbery conviction. The trial court specified that the sentences were to run concurrently.

## II. ISSUES AND ANALYSIS

In his sole issue appellant asserts that the trial court erred by denying his motion to suppress evidence Officer Castellanos retrieved from appellant's cell phone on the grounds the officer conducted the search without a warrant or under a valid exception and because, contrary to the trial court's finding, appellant did not abandon the cell phone. Under this issue, appellant also challenges the legality of a warrant subsequently issued to search the cell phone. Appellant argues he suffered harm by the admission of the cell-phone evidence.

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 35 (Tex. Crim. App. 2017). As long as the record supports the trial court's determination of historical facts, and mixed questions of law and fact that rely on credibility, courts give almost total deference to those decisions. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). We review de novo the trial court's application of the law to the facts. *Ramirez-Tamayo*, 537 S.W.3d at 35. When, as in this case, the trial court does not make formal findings of fact, we will uphold the trial court's ruling on any theory of law applicable to the case and we will presume the trial court made implicit findings in support of its ruling if the record supports those findings. *Cheek v. State*, 543 S.W.3d 883, 888 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

"Under the Fourth Amendment, '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]'" *State v. Huse*, 491 S.W.3d 833, 839 (Tex. Crim. App. 2016) (quoting U.S. Const. amend. IV). What constitutes a "search" for Fourth Amendment purposes — and therefore, what may serve to confer Fourth Amendment "standing"— may be predicated, as the Supreme Court of the United

4

States has emphasized, on either an intrusion-upon-property theory of search or a reasonable-expectation-of-privacy theory of search. *See Florida v. Jardines,* 569 U.S. 1, 11, 133 S.Ct. 1409, 1414, 185 L.Ed.2d 495 (2013); *United States v. Jones,* 565 U.S. 400, 406, 132 S.Ct. 945, 949–51, 181 L.Ed.2d 911 (2012); *Williams v. State*, 502 S.W.3d 254, 258 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Appellant asserts he had a reasonable expectation of privacy in the contents of his cell phone.

To assert a challenge to a search and seizure, a defendant first must establish standing. *See Kothe*, 152 S.W.3d at 59; *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). So, as a threshold issue, we consider appellant's standing to challenge the search and seizure. A person has standing to challenge the reasonableness of a search or seizure under a reasonable-expectation-of-privacy theory if (1) the person has a subjective expectation of privacy in the place or object searched, and (2) society is prepared to recognize that expectation as "reasonable" or "legitimate." *State v. Granville,* 423 S.W.3d 399, 405 (Tex. Crim. App. 2014); *Williams*, 502 S.W.3d at 258. A defendant normally has standing to challenge the search of places and objects the person owns. *State v. Granville*, 423 S.W.3d 399, 406 (Tex. Crim. App. 2014). Courts have held that (1) one has a subjective expectation of privacy in the contents of one's cell phone, and (2) society recognizes this expectation of privacy as reasonable and legitimate. *Id.* at 405–06. Yet, one may lose a reasonable and legitimate expectation of privacy in the contents of one's cell phone if one abandons the phone. *Id.* at 409; *Edwards v. State*, 497 S.W.3d 147, 160 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

Abandonment of property occurs when one intends to abandon the property and that decision does not flow from police misconduct. *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997); *Edwards v. State*, 497 S.W.3d 147, 160

5

(Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). "When police take possession of property abandoned independent of police misconduct[,] there is no seizure under the Fourth Amendment." *McDuff,* 939 S.W.2d at 616. Abandonment is primarily a question of intent that can be inferred from the party's words and actions and other circumstances surrounding the alleged abandonment. *Id.*; *Edwards*, 497 S.W.3d at 160. We must determine whether appellant voluntarily discarded, left behind, or otherwise relinquished his interest in the cell phone so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search. *See McDuff,* 939 S.W.2d at 616; *Edwards*, 497 S.W.3d at 160–61; *see also Straight v. State*, 515 S.W.3d 553, 567 n. 16 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (discussing the appropriate standard in the context of an ineffective-assistance analysis).

Although the trial court did not make formal findings, the trial judge noted that there appeared to be no dispute as to the propriety of the traffic stop. The dashcam video from Officer Castellanos's patrol car confirms this assessment, showing that appellant stopped on (and blocked) the pedestrian crossing. After Officer Castellanos activated his patrol car's lights, signaling appellant to stop, appellant pulled into a parking lot and parked in the lot, but not in a designated parking space. The trial court noted Officer Castellanos's testimony that he had smelled marijuana in approaching appellant's vehicle, prompting the officer to ask appellant step out of the vehicle. The officer then handcuffed appellant. Appellant does not argue, nor does the record contain evidence, that Officer Castellanos's conduct in handcuffing appellant at that time amounted to police misconduct. Appellant does not point to any other potential law-enforcement misconduct that might have led to his alleged abandonment of the car and cell phone.

We now consider whether appellant intended to abandon the cell phone. The

6

record contains no evidence that the cell phone was password-protected or that appellant otherwise had attempted to limit another person's ability to access the phone and search through it to ascertain ownership. *See Lown v. State*, 172 S.W.3d 753, 761 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (concluding that appellant failed to show that his expectation of privacy was objectively reasonable because, among other reasons, "there is no evidence demonstrating that appellant took any precautions (such as encryption) to protect his privacy in the information contained on the computer system"). The facts do not present a scenario in which the cell-phone owner lost his phone and failed to keep it secured. *See id*. Flight does not particularly relate to the "reasonableness" of the expectation of privacy; instead, it signals the abandonment of that expectation of privacy. *Matthews v. State*, 431 S.W.3d 596, 610 (Tex. Crim. App. 2014). Here, the evidence supports a finding that appellant intentionally left the cell phone behind; no evidence suggests that he intended to keep it. *See id*. When Vanderveen exited the car and took off running, he left the vehicle door open. The video shows appellant fleeing from the vehicle on foot after having been handcuffed, passing by the wide-open door, leaving behind his vehicle and everything in it, including the cell phone.

Like the trial court, we find this scenario analogous to the facts in *Edwards v. State*, 497 S.W.3d 147 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd), a case in which the First Court of Appeals found abandonment of a cell phone recovered from the top of the defendants' vehicle when officers arrived at the scene. *Id.* at 160. In *Edwards,* the defendants "took off running" when they "felt that the police were close by," whereas in this case appellant took off running after having been placed in handcuffs. Appellant contends that the handcuffs removed his ability to intentionally abandon the cell phone in the vehicle at the time he fled. Appellant argues that with the restraint of his hands, his ability to formulate an intent also

became restrained.

No one compelled appellant to abandon property or any privacy right associated in that property. While the circumstances may have been part of appellant's calculus in making the decision, the decision was his. As appellant stood handcuffed, before he fled, he retained the privacy protections to his cell phone the law affords. But appellant opted to flee the scene and leave his cell phone behind. In making that decision to abandon the cell phone, appellant intentionally gave up any privacy rights to information on the cell phone. *See Edwards*, 497 S.W.3d at 161.

In 2014, the Court of Criminal Appeals noted that "when a person abandons their phone" that person may lose their reasonable and legitimate expectation of privacy in that property. *Granville*, 423 S.W.3d at 409. But appellant relies on the Supreme Court of the United States' opinion in *Riley v. California,* issued shortly thereafter. In *Riley,* the Supreme Court did not address the abandonment doctrine or any standing issue and explicitly left the door open for other case-specific exceptions. 573 U.S. 373, 401–02, 134 S. Ct. 2473, 2494, 189 L. Ed. 2d 430 (2014) (finding that search-incident-to-arrest exception to the warrant requirement did not apply to the cell phone, but noting the continuing applicability of other case-specific exceptions); *see also Carpenter v. United States*, 138 S. Ct. 2206, 2222, 201 L. Ed. 2d 507 (2018) (recognizing "case-specific exceptions may support a warrantless search of an individual's cell-site records under certain circumstances"). Appellant asserts that after *Riley* the abandonment doctrine does not apply to cell phones, and appellant cites a Florida state court decision involving a password-protected cell phone. *See State v. K.C.*, 207 So. 3d 951, 958 (Fla. Ct. App. 2016) (concluding that under *Riley* the abandonment exception does not apply to cell phones whose contents are protected by a password). As noted, no

evidence shows that appellant's cell phone was protected by a password. Like the First Court of Appeals, and a majority of other courts that have considered the abandonment doctrine as applied to cell phones post-*Riley*, we conclude that the abandonment doctrine applies to cell phones and implicates the defendant's standing to challenge the reasonableness of the search of the phone's contents. *See United States v. Crumble*, 878 F.3d 656, 660 (8th Cir. 2018); *United States v. Quashie*, 162 F.Supp.3d 135, 141-42 (E.D.N.Y. 2016) (finding *Riley* does not eliminate abandonment exception for cell phones); *Kelso v. State*, 562 S.W.3d 120, 135 (Tex. App.—Texarkana 2018, pet. ref'd); *Edwards*, 497 S.W.3d at 160; *Lopez v. State*, 512 S.W.3d 416 (Tex. App.—Corpus Christi 2016, no pet.) (holding that appellant abandoned phone and had no standing to object to evidence retrieved from it when he left the device at his workplace and never requested that it be returned to him).

Appellant has not shown that he had a reasonable expectation of privacy in the cell phone that he abandoned inside the vehicle. Appellant therefore lacks standing to complain of the reasonableness of the search of the contents of the cell phone. *See Swearingen v. State*, 101 S.W.3d 89, 101 (Tex. Crim. App. 2003); *Edwards*, 497 S.W.3d at 160. We overrule appellant's sole issue challenging the denial of his motion to suppress.

## III. CONCLUSION

Because the record shows that appellant abandoned his cell phone, we conclude the trial court did not err in impliedly finding that appellant lacked standing to challenge the search of the cell phone.  We affirm the trial court's judgment.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Wise and Hassan.

Publish — TEX. R. APP. P. 47.2(b).