**Affirmed and Plurality, Concurring, and Dissenting Opinions filed April 2, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00493-CR

---

**PAUL CRAIG SCOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 2095430**

---

# PLURALITY OPINION

Appellant Paul Craig Scott appeals his conviction for driving while intoxicated ("DWI"). He asserts that officers lacked probable cause to support a warrantless arrest and unduly prolonged his detention, making it illegal. The court affirms.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At approximately 8:45 p.m. on June 7, 2016, Sergeant Kevin O'Brien of the Houston Police Department ("HPD") saw appellant motor through an intersection without heeding a stop sign. Appellant was driving well-above the legal speed limit of 30 miles per hour. Then, appellant failed to stop for a red light before making a turn. Having witnessed these traffic violations from his patrol car, Officer O'Brien pursued appellant to conduct a traffic stop. Officer O'Brien activated the patrol car's lights and then the sirens. Though appellant slowed down, he did not stop. Appellant then accelerated to a speed of about 50 miles per hour and drove through a residential area with cars parked on either side of the street before stopping at an abandoned service station.

Officer O'Brien approached the driver's side of the car and asked appellant to produce his driver's license and proof of financial responsibility. Appellant was slow to respond to the request. Officer O'Brien smelled the strong odor of an alcoholic beverage emitting from appellant's breath and noticed that appellant's eyes were glassy, and appellant was slurring his speech. Officer O'Brien asked appellant to step out of the car because he "wanted to observe [appellant's] balance out of the vehicle" and he wanted to ask "standard questions when you suspect that someone may have been drinking — have you been drinking, how much have you been drinking, are you taking any medication, do you have any medical issues — those type[s] of questions." As Officer O'Brien asked appellant questions, he noticed that appellant was swaying. Officer O'Brien did not necessarily know that appellant was intoxicated, but he suspected that appellant had been drinking both because of the traffic violations and because appellant kept driving for a mile despite lights and sirens calling him to pull over.

Officer O'Brien wanted to determine whether appellant was impaired and

2

tried to see if a DWI officer could come to the scene. Officer O'Brien learned that a DWI unit was not available, so he would need to take appellant to "central intox" where appellant would be evaluated. Officer O'Brien's patrol car did not have a "dash cam" to record his interactions with appellant because supervisor vehicles are not equipped with dashboard cameras. Officer O'Brien explained that if he had conducted the DWI investigation on the scene, there would not have been a video for the jury to view. Taking appellant to the "central intox" facility was the "quickest means to have [appellant] tested with video proof." Officer O'Brien did not investigate where appellant had been, where he was going, or whether he had been drinking. Instead, he placed appellant in handcuffs and put appellant in the back seat of the patrol car. According to Officer O'Brien, appellant was not free to leave. Following an inventory search of appellant's car, it was towed. Officer O'Brien transported appellant to "central intox" in the patrol car. According to Officer O'Brien, appellant was not under arrest while being transported to the police station but was being detained for further investigation. Officer O'Brien testified that he had probable cause to take appellant to "central intox."

Officer Tiara Smith of the Houston Police Department DWI Task Force first saw appellant when Officer O'Brien brought him to "central intox." Officer Smith thought appellant was intoxicated because he had slurred speech, glassy eyes, and a strong odor of alcohol and he was swaying while he was standing. Appellant refused to answer any questions. Officer Smith administered the standard field-sobriety tests at the police station. Appellant exhibited signs of intoxication during the field-sobriety tests. Believing appellant to be intoxicated, Officer Smith read appellant a statutory warning known as a "DIC-24," informing him that the police were requesting a sample of appellant's breath or blood. Appellant consented to providing a breath sample. The results of the breath tests showed that appellant's blood-

alcohol content was .126 and .127, above the legal limit of .08.

After Officer O'Brien testified at trial, appellant made an oral motion to suppress, arguing police arrested him without probable cause. Appellant asserted that Officer O'Brien, who testified that appellant was not free to leave, only observed traffic violations, but did not ask appellant investigative questions, such as where appellant had been, where he was going, or what beverages he had consumed. Appellant pointed out that he never refused to answer any questions, Officer O'Brien conducted no field sobriety tests, and appellant never refused to perform any field sobriety tests.

Appellant also argued that the episode amounted to an illegal detention. Appellant pointed out that Officer O'Brien took appellant's license, appellant was not free to leave, he was locked in a jail cell, his car was towed, and Officer O'Brien did not conduct an investigation regarding a possible DWI offense. Appellant asserted that, although the traffic stop occurred at 8:45 p.m., the DWI investigation did not begin until 10:45 p.m., two hours later. The State responded that an officer reasonably may detain an individual to complete a DWI investigation and the record evidence shows reasonable suspicion to detain appellant because Officer O'Brien had sufficient articulable facts to suspect that appellant was intoxicated, requiring further investigation.

The trial court stated that it was not going to grant the motion to suppress at that time because it "want[ed] to see what the next step is." The trial resumed.

After Officer Smith testified on direct examination, appellant re-urged his motion to suppress. Appellant's attorney stated that appellant was not waiving his argument that there was no probable cause for appellant's arrest. Appellant's attorney argued that the investigative detention lasted longer than reasonably necessary because the police detained appellant for two hours before beginning the

4

investigation.  The trial court denied the motion to suppress.

The jury found appellant guilty of driving while intoxicated.  The trial court assessed a $500 fine and sentenced appellant to confinement in county jail for 180 days but suspended the sentence and placed appellant on probation for one year.

## II.  ISSUES PRESENTED

In two issues, appellant claims on appeal that the trial court committed reversible error by failing to grant his motion to suppress because (1) Officer O'Brien arrested appellant without probable cause; and (2) the police subjected appellant to an unlawful detention.

## III.  STANDARD OF REVIEW

Appellate courts review a trial a trial court's ruling on a motion to suppress under a bifurcated standard.  *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 35 (Tex. Crim. App. 2017).  As long as the record supports the trial court's determination of historical facts, and mixed questions of law and fact that rely on credibility, courts give  almost total deference to those decisions.  *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013).  This court reviews de novo the trial court's application of the law to the facts.  *Ramirez-Tamayo*, 537 S.W.3d at 35.  When, as in this case, the trial court does not make formal findings of fact, this court will uphold the trial court's ruling on any theory of law applicable to the case and presume the court made implicit findings in support of its ruling if the record supports those findings. *Cheek v. State*, 543 S.W.3d 883, 888 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

## IV.  ANALYSIS

In his first issue, appellant argues that, although Officer O'Brien detained him lawfully at the outset of the traffic stop, Officer O'Brien lacked probable cause to

make a warrantless arrest for driving while intoxicated. The State argues that Officer O'Brien had probable cause to arrest appellant after witnessing him commit two traffic offenses for which an officer may properly make an arrest. Alternatively, the State asserts that Officer O'Brien had probable cause to arrest appellant based on appellant's driving while intoxicated.

## A. Whether Officer O'Brien arrested appellant

On appeal, both appellant and the State say Officer O'Brien arrested appellant.[1] An "arrest" under the Fourth Amendment is a greater restraint upon one's freedom to leave or move than is a temporary detention, which also restrains one's freedom. *State v. Sheppard*, 271 S.W.3d 281, 290 (Tex. Crim. App. 2008). Article 15.22 of the Texas Code of Criminal Procedure, entitled "When a person is arrested," provides that "[a] person is arrested when he has been actually placed under restraint or taken into custody." Tex. Code Crim. Pro. Ann art. 15.22 (West, Westlaw through 2017 R.S.). As Professor Dix has noted, this statute is "of no help" in determining whether that person has been subjected to a Fourth Amendment arrest or an investigatory detention. *See id.*; *Sheppard*, 271 S.W.3d at 290. Courts have dubbed the statute "legislatively obsolete" because it does not distinguish between custodial arrests and temporary detentions. *Sheppard*, 271 S.W.3d at 290.

Although the law provides no "bright line" rule to distinguish the two, Texas courts generally characterize the seizure of a person as an "arrest" or "detention" depending upon several factors, including the amount of force displayed, the duration of the detention, the efficiency of the investigative process and whether it was conducted at the original location or the person was transported to another location, the officer's expressed intent—that is, whether the officer told the detainee

---

[1] The State asserts that appellant was arrested at 8:58 p.m. and that Officer O'Brien "lawfully arrested appellant."

that the detainee was under arrest or was being detained only for a temporary investigation, and any other relevant factors. *Id*. at 290–91. If the degree of incapacitation appears more than necessary to safeguard the officers and assure the suspect's presence during a period of investigation, these facts suggest the detention is an arrest. *Id*. at 291. A seizure is an investigative detention rather than an arrest, if, given the totality of the circumstances, "a reasonable person would believe the seizure was to be sufficiently nonintrusive as to be only an 'investigative detention.'" *Id*. at 291 (quoting DIX AND DAWSON, § 7.34, at 466). An officer's subjective intent as to whether the officer is arresting a suspect is simply not relevant unless the officer communicates that intent to the suspect. *See Anderson v. State*, 932 S.W.2d 502, 505 (Tex. Crim. App. 1996). Thus, when evaluating whether an arrest occurred, the court must focus on objective criteria, not the officer's subjective view.

The record shows that Officer O'Brien handcuffed appellant and put appellant in the back of the patrol car. An inventory search was performed on appellant's car and it was towed. Appellant was not free to leave. Officer O'Brien transported appellant to "central intox," six to seven miles away. No evidence showed that Officer O'Brien told appellant that appellant was under arrest or that he told appellant that he was being detained only for a temporary investigation. Officer O'Brien opined that while he was transporting appellant to "central intox," appellant was not under arrest and was only being detained for further investigation. Crucially, this testimony as to Officer O'Brien's subjective belief that appellant was not under arrest is not relevant to deciding whether appellant was under arrest because no evidence shows that anyone communicated Officer O'Brien's subjective intent to appellant on the night Officer O'Brien seized appellant. *See Anderson*, 932 S.W.2d at 505.

Given the totality of the circumstances reflected by the record before the trial

court at the time of its ruling, a reasonable person in appellant's position would not have believed that the seizure was sufficiently nonintrusive as to be only an investigative detention. *See Sheppard*, 271 S.W.3d at 290–91. Instead, based on the totality of the circumstances reflected by the record before the trial court at the time of its ruling, a reasonable person in appellant's position would have believed that the seizure was sufficiently intrusive as to be an arrest. *See id*. Thus, Officer O'Brien arrested appellant.

**B.      Whether probable cause supported appellant's warrantless arrest**

The Fourth Amendment to the Constitution of the United States guarantees that "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures, shall not be violated." U.S. Const. amend. IV. The Due Process Clause of the Fourteenth Amendment makes this guarantee applicable to the states. *Mapp v. Ohio,* 367 U.S. 643, 650, 81 S.Ct. 1684, 1689, 6 L.Ed.2d 1081 (1961). One who alleges that the police violated one's Fourth Amendment rights bears the burden of producing some evidence to rebut the presumption of proper police conduct. *Abney v. State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013). The defendant can satisfy this burden by establishing that the seizure occurred without a warrant. *State v. Robinson*, 334 S.W.3d 776, 779 (Tex. Crim. App. 2011). If the defendant does so, the burden then shifts to the State to prove the reasonableness of the seizure. *State v. Woodard*, 341 S.W.3d 404, 412 (Tex. Crim. App. 2011).

Under the Fourth Amendment, a warrantless arrest for an offense committed in the officer's presence is reasonable if the officer has probable cause. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). "Probable cause" for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which the officer has reasonably trustworthy information suffice to warrant a prudent person in believing

that the person arrested had committed or was committing an offense. *Id.* A finding of probable cause requires more than bare suspicion but less than necessary to justify a conviction. *Id.*

The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer. *Id.* Other than the facts known by an arresting officer, the arresting officer's state of mind (including the officer's subjective beliefs and subjective reasons for an arrest) holds no relevance in a court's probable-cause determination. *See Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 593, 160 L.Ed.2d 537 (2004); *Garcia v. State*, 827 S.W.2d 937, 942–43 (Tex. Crim. App. 1992); *Garcia v. State*, 218 S.W.3d 756, 760 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Thus, again, the court's focus is on objective criteria, not on an officer's subjective beliefs.

If, at the moment the officer makes an arrest, the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information suffice to warrant a prudent person in believing that the person arrested had committed or was committing a traffic violation for which a person properly may be arrested, a court is to deem the arrest valid and legal, even if the officer subjectively believed the arrest was made for another offense. *See Devenpeck*, 543 U.S. at 153, 125 S.Ct. at 594; *Garcia*, 218 S.W.3d at 759–60. The Fourth Amendment's concern with reasonableness allows certain actions to be taken in certain circumstances, whatever the subjective intent. *Devenpeck*, 543 U.S. at 153, 125 S.Ct. at 594. Looking to the officer's subjective beliefs skews the analysis. "'Evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer.'" *Id.* (quoting *Horton v. California*, 496 U.S. 128, 138, 110

9

S.Ct. 2301, 110 L.Ed.2d 112 (1990)). So, this court is to look not to what Officer O'Brien believed but to the objective facts reflected in the record before us.

"A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." Tex. Code Crim. Proc. art. 14.01(b). The law deems an offense to have occurred in the officer's presence or within the officer's view if any of the officer's senses afford the officer an awareness of the offense's occurrence. *Amador*, 275 S.W.3d at 878. Under the Texas Transportation Code, a peace officer may arrest without a warrant a person who violates Transportation Code section 544.004 (regarding compliance with an official traffic-control device), section 544.007(d) (requiring operator to stop at steady red light, stand until intersection may be entered safely, and yield to pedestrians and traffic in the intersection before turning at a red light), or Transportation Code section 544.010 (regarding failure to stop at a stop sign). *See* Tex. Transp. Code Ann. § 543.001 (stating that "[a]ny peace officer may arrest without warrant a person found committing a violation of this subtitle"); *State v. Gray*, 158 S.W.3d 465, 469 (Tex. Crim. App. 2005); *Garcia*, 218 S.W.3d at 760.

Officer O'Brien testified that he saw appellant (1) fail to stop at a stop sign; and (2) turn at a red light without first stopping. Appellant has not challenged the propriety of the traffic stop based on these traffic violations. Appellant candidly acknowledges that Officer O'Brien lawfully detained him "at the inception of the traffic stop." At the time Officer O'Brien arrested appellant, the facts and circumstances within Officer O'Brien's knowledge and of which Officer O'Brien had reasonably trustworthy information sufficed to warrant a prudent person to believe that appellant had committed these two traffic violations, for which a person properly may be arrested. Thus, this court must deem the arrest valid and legal, even if Officer O'Brien subjectively believed that he was not arresting appellant but was

detaining him for further investigation. *See Devenpeck*, 543 U.S. at 153–55, 125 S.Ct. at 593–95; *Hart v. State*, 235 S.W.3d 858, 862–63 (Tex. App.—Eastland 2007, pet. dism'd); *Garcia*, 218 S.W.3d at 759–60; *Dew v. State*, 214 S.W.3d 459, 462 (Tex. App.—Eastland 2005, no pet.). Objective facts rather than the officer's subjective beliefs drive the analysis. Thus, Officer O'Brien had probable cause to arrest appellant without a warrant based on the two traffic offenses. *See* Tex. Transp. Code Ann. § 543.001; *Devenpeck*, 543 U.S. at 153–55, 125 S.Ct. at 593–95; *Gray*, 158 S.W.3d at 469; *Hart*, 235 S.W.3d at 862–63; *Garcia*, 218 S.W.3d at 759–60; *Dew*, 214 S.W.3d at 462.

Appellant asserts that the State argued to the trial court that Officer O'Brien had reasonable suspicion to believe that appellant may have been intoxicated and the detention was not unnecessarily prolonged. Appellant maintains that the State may not raise a new theory on appeal to uphold the trial court's denial of his motion to suppress. While ordinary notions of procedural default apply equally, whether the appellant is the State or the defendant, the prevailing party in the trial court is not subject to ordinary procedural-default rules. *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013). Therefore, the court of appeals can affirm a trial court's decision on a legal theory not presented to the trial court without violating ordinary notions of procedural default. *Hailey v. State*, 87 S.W.3d 118, 121 (Tex. Crim. App. 2002). "Procedural-default rules are the same regardless of whether the trial court has made findings of fact and conclusions of law." *Alford*, 400 S.W.3d at 929.

As the prevailing party on the motion to suppress, the State did not waive the argument that Officer O'Brien had probable cause to arrest appellant based on appellant's failing to stop at a stop sign and turning at a red light without stopping. This court may affirm the trial court's ruling on any theory of law applicable to the case. *See Cheek*, 543 S.W.3d at 888. The record supports the trial court's implicit

11

findings that Officer O'Brien had probable cause to arrest appellant for not stopping at a stop sign and for turning at a red light without first stopping. The trial court did not err by denying appellant's motion to suppress.

The concurring justice and the dissenting justice assert that an officer who chooses to arrest a person based on a misdemeanor traffic violation must: (1) release the person if the person signs a written promise to appear in court, or (2) immediately bring the person before a magistrate. The concurring justice and the dissenting justice rely upon sections 543.002 and 543.003 of the Transportation Code for this proposition. *See* Tex. Transp. Code Ann. §§ 543.002, 543.003. Under section 543.002's unambiguous language, that statute's requirement that the person arrested be immediately taken before a magistrate applies if (1) the person is arrested on a charge of failure to stop in the event of an accident causing damage to property, (2) the person demands an immediate appearance before a magistrate, or (3) the person refuses to make a written promise to appear in court as provided by subchapter A of chapter 543 of the Transportation Code. *See* Tex. Transp. Code Ann. § 543.002. Today's case fits none of these scenarios.

Under section 543.003, an officer who arrests a person for a violation of Transportation Code, title 7, subtitle C that is punishable as a misdemeanor must either take the person before a magistrate or issue a written notice to appear in court. *See* Tex. Transp. Code Ann. § 543.003. But, section 543.003 does not require that an officer taking a person before a magistrate do so immediately. *See id.* Neither the concurring justice nor the dissenting justice cites any case in which a court has applied either of these statutes in determining whether an officer had probable cause to arrest a person.

Because probable cause existed to arrest appellant based on the two traffic offenses, this court should overrule the first issue. The court need not address

12

whether the officer had probable cause to arrest appellant for driving while intoxicated.

## C.    Whether appellant's detention was illegal

In his second issue, appellant argues police unduly prolonged his detention, making it illegal. Because probable cause existed for a warrantless arrest based on the traffic offenses, this court need not address this issue.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Bourliot. (Christopher, J., concurring) (Bourliot, J., dissenting).

Publish — TEX. R. APP. P. 47.2(b).