**Affirmed and Memorandum Opinion filed September 16, 2021.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-19-00893-CR**

_____

**CARLOS OMAR VILLANUEVA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1570999**

## MEMORANDUM OPINION

Appellant Carlos Omar Villanueva was found guilty by a jury of aggravated robbery with a deadly weapon. *See* Tex. Penal Code Ann. § 29.03(a)(2). The jury also found true an enhancement allegation for a prior felony conviction for burglary of a habitation. The trial court assessed punishment at eighteen years' imprisonment. In his sole issue on appeal, appellant argues that the trial court abused its discretion by denying his motion to suppress. We affirm.

# I. FACTUAL & PROCEDURAL BACKGROUND

Appellant was charged by separate indictments with two counts of aggravated robbery with a deadly weapon that occurred on the same day, around the same time, at the same apartment complex. *See id.* One indictment alleged that appellant robbed Maria Nieto at gunpoint; the other indictment alleged that appellant robbed Guillermina Carino at gunpoint.

Appellant pleaded not guilty to both charges and filed a motion to suppress evidence based on the pre-trial identification by Nieto from a photo array presented to her by the police. Prior to trial, the court held a hearing and denied the motion. The trial court did not enter findings of fact or conclusions of law.

## A. MOTION TO SUPPRESS

During the motion to suppress hearing, Officer David De Torres testified that as an officer with the robbery division of HPD he performed follow-ups on reports from officers at the scene, including administering photo arrays. He testified he met with Nieto and read to her an admonishment form in Spanish. The first admonishment was that the individual that committed the offense may or may not be included within the photo array. He then showed Nieto a photo array containing six photographs. Nieto circled appellant's photo and told Officer De Torres that the person she circled was the person that had pointed a gun at her, attempted to rob her, and took her to an empty apartment. Officer De Torres testified that before the meeting with Nieto, he did not know who the suspect was or what photographs were given to Nieto to view. Officer De Torres further testified that all the individuals in the photos were Hispanic males, with similar hair color, all wearing civilian clothes. According to Officer De Torres, there was nothing unique or different about the individuals to suggest that appellant was the person under investigation. Officer De Torres added that neither he nor any other officer suggested to Nieto which individual she should pick.

2

Detective Jeremy Curtis also testified at the motion to suppress hearing. He claimed that Nieto, Carino, and a witness, Mary Iglesias, were all shown photo arrays, and that he was the one that arranged the photo arrays.[1] To create the arrays, he testified that he took appellant's most recent booking photograph, then selected five other individuals with similar characteristics and tried to crop them "as consistently as possible as to not draw attention to any of the particular photos." According to Detective Curtis, the Data Works Program he used to create the array randomizes the photos for each array, and then the array is administered to a witness by an officer with no knowledge of the suspect "as not to show bias or in any way influence their decision." Detective Curtis testified that he was present when the arrays were administered to Iglesias and Carino, but he was not present when Officer De Torres administered the array to Nieto.

After testifying regarding the pursuit and arrest of appellant, Officer Sergio Garcia was recalled as a witness by appellant and admitted telling Nieto on the date of the incident that the suspect had a bald head.

After trial, the jury found appellant guilty as to the Nieto indictment, but not guilty as to the Carino indictment. Punishment was assessed at eighteen years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed this appeal.

## II.   ANALYSIS

In his only issue on appeal, appellant argues the trial court erred when it denied his motion seeking to suppress Nieto's identification of appellant in a pre-trial photo array.

---

[1] Iglesias was another apartment tenant. The record reflects that Nieto knew Iglesias as Maria Isla. Similarly, Iglesias testified that she knew Nieto as "Rosea." We will refer to them as "Nieto" and "Iglesias," respectively.

## A.    STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *See Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). At a motion to suppress hearing, the trial court is the sole trier of fact and judge of credibility of witnesses and the weight to be given to their testimony. *See id.* Therefore, we afford almost complete deference to the trial court in determining historical facts. *See id.*; *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013); *Scott v. State*, 572 S.W.3d 755, 760 (Tex. App.—Houston [14th Dist.] 2019, no pet.). A trial court's ruling will be sustained if it is reasonably supported by the record and correct under any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003). However, we review de novo mixed questions of law and fact that do not rely on an evaluation of credibility and demeanor. *See id.*

When the trial court does not make explicit findings of fact, as in the case before us, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. *See id.* We will sustain the ruling of the trial court if it is correct under any applicable theory of law. *See id.*

## B.    APPLICABLE LAW

"A pre-trial identification procedure may be so suggestive and conducive to mistaken identification that subsequent use of that identification at trial would deny the accused due process of law." *Barley v. State*, 906 S.W.2d 27, 32 (Tex. Crim. App. 1995); *Fisher v. State*, 525 S.W.3d 759, 762 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd).

When determining the admissibility of a pre-trial identification, we use a two-step analysis to determine whether: (1) the pre-trial procedure was impermissibly suggestive; and (2) the suggestive pre-trial procedure gave rise to a

4

substantial likelihood of irreparable misidentification. *See Loserth v. State*, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998); *Fisher*, 525 S.W.3d at 762; *Aviles-Barroso v. State*, 477 S.W.3d 363, 381 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *see also Coleman v. State*, No. 14-18-00816-CR, __ S.W.3d __, __, 2020 WL 1921976, at *2 (Tex. App.—Houston [14th Dist.] Apr. 21, 2020, pet. ref'd) (mem. op.). The appellant has the burden of proving both prongs by clear and convincing evidence. *State v. Ibarra*, 953 S.W.2d 242, 243 (Tex. Crim. App. 1997) (citing Tex. Const. art. I, § 9); *see also Aviles-Barroso*, 477 S.W.3d at 381. "Clear and convincing evidence" means "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Ex parte Mello*, 355 S.W.3d 827, 831 n.10 (Tex. App.—Fort Worth 2011, pet. ref'd); *see Ex parte Navarijo*, 433 S.W.3d 558, 567 (Tex. Crim. App. 2014) (Price, J., concurring) ("Clear and convincing evidence is defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."); *State v. Addington,* 588 S.W.2d 569, 570 (Tex. 1979). Admission of the identification of the defendant amounts to a denial of due process if the totality of the circumstances indicates a substantial likelihood of misidentification exists. *Ibarra v. State*, 11 S.W.3d 189, 195 (Tex. Crim. App. 1999).

Under the first prong, "[s]uggestiveness may result from the manner in which a pre-trial identification procedure is conducted; the content of the line-up or photo array itself, as when the suspect is the only individual closely resembling the pre-procedure description; or the cumulative effect of the procedures and photographs used." *Fisher*, 525 S.W.3d at 762; *see Solomon v. State*, 469 S.W.3d 641, 645 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Every photo array must

generally contain photographs of individuals who roughly fit the description of the suspect. *See Fisher*, 525 S.W.3d at 762. "However, neither due process nor common sense requires exactitude." *Id.* at 763.

If the pre-trial identification is determined to be impermissibly suggestive, then the second step requires us to assess the reliability of the identification by looking at the totality of the circumstances to see if the identification gave rise to a very substantial likelihood of misidentification. *See Balderas v. State*, 517 S.W.3d 756, 792 (Tex. Crim. App. 2016) (citing *Luna v. State*, 268 S.W.3d 594, 605 (Tex. Crim. App. 2008)).

**B.    PRE-TRIAL IDENTIFICATION OF APPELLANT WAS NOT IMPERMISSIBLY SUGGESTIVE**

Appellant argues that the pre-trial identification was impermissibly suggestive because Officer Garcia, prior to the pre-trial identification procedure, told Nieto that the suspect was bald.

Although it is true that Officer Garcia informed Nieto that the suspect was bald, there is no evidence that the police pointed out the suspect in the photo array or otherwise indicated that a suspect was even included in the photo array. *See Balderas*, 517 S.W.3d at 792; *Fisher*, 525 S.W.3d at 762; *Solomon*, 469 S.W.3d at 645. Additionally, Officer Garcia only composed the photo array; the array was administered to Nieto by Officer David De Torres. Officer Garcia testified that the photo array was generated using a computer program and that he selected five individuals with appearances similar to appellant's appearance. The photo array was then presented to Nieto by Officer De Torres, who did not participate in creating the array and did not know what the suspect looked like. According to Officer De Torres, when he displayed the array to Nieto, he "did not know who the target is." Officer De Torres testified that all the photos of Hispanic males with hair had approximately the same hair color. Appellant argued at trial that some of

individuals in the array looked slightly older, or had slightly more yellow skin, or had their heads tilted. However, Officer De Torres and Officer Garcia both asserted that there was nothing unique about appellant's photograph that would have suggested to Nieto that appellant was the suspect. The photo array in the record supports their contention. The photo lineup included the photos of six men, five of which had short hair with visible hair lines, including appellant. Furthermore, one of the six photos showed an individual who was bald, who was not appellant. Nieto did not pick the bald individual; instead, she circled appellant out of the other five individuals, all of whom had a similar "buzz-cut" style of hair.

We conclude that appellant has failed to produce clear and convincing evidence that the pre-trial identification was impermissibly suggestive. *See Fisher*, 525 S.W.3d at 762. Thus, the trial court did not abuse its discretion in denying the motion to suppress. *See Shepherd*, 273 S.W.3d at 684. Because we conclude that the identification procedure was not impermissibly suggestive, we do not need to reach appellant's argument concerning the second step of the analysis. *See Aviles-Barroso*, 477 S.W.3d at 381.

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.


/s/ Margaret "Meg" Poissant
   Justice


Panel consists of Justices Spain, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).

7