**Affirmed and Memorandum Opinion filed June 4, 2024.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-21-00717-CR

**JAIRO CHICAS-RAIMUNDO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1556824**

## MEMORANDUM OPINION

Appellant Jairo Chicas-Raimundo appeals his conviction for felony murder. *See* Tex. Penal Code Ann. § 19.02(b)(3). Appellant raises two issues: (1) the trial court erred in denying the motion to suppress his confession because his confession was involuntary; and (2) the evidence is insufficient to find appellant guilty of felony murder without the confession. We affirm.

# I. BACKGROUND

On June 27, 2017, appellant was charged with capital murder for intentionally causing the death of Eleazer Vazquez ("Vazquez") while kidnapping Vazquez. *See id.* § 19.03. Following his arrest, appellant gave a recorded interview at the Houston Police Department Central Jail to Houston Police Department Sergeants Chris Sturdivant ("Sturdivant") and Jose Duran ("Duran"). In the interview, appellant admitted to his role in Vazquez's kidnapping and murder with others who were members of the same gang as appellant, MS-13.

Appellant pleaded not guilty and filed a motion to suppress his statement to the officers, arguing that his statement was involuntary and the result of police coercion. Appellant alleged that Sturdivant and Duran spoke to him before his recorded interview in his holding cell and promised him protection from MS-13 in exchange for his cooperation. Appellant also alleged that he was threatened by the officers during this exchange.

The trial court held an evidentiary hearing, at which Sturdivant, Duran, and appellant testified. The State also presented a certified transcript of appellant's recorded statement to the officers, a video and audio recording of appellant's statement, and a copy of the *Miranda* warnings given to appellant in Spanish.

The officers testified that they encountered appellant in a holding cell and introduced themselves. Duran spoke to appellant in Spanish and translated for Sturdivant. Duran testified that the officers "possibly" told appellant that they wanted to keep him safe; that both officers indicated to appellant they would try to "help him out as much as possible" concerning possible gang retaliation; but that Duran did not promise appellant anything in exchange for appellant's statement. Sturdivant testified he did not recall any statement made to appellant about "keeping him safe" and that the officers did not promise appellant "anything,"

including protection from other gang members; did not make any assurances to appellant; did not threaten appellant; and did not indicate to appellant that appellant's life was in jeopardy or that the police could keep appellant safe. Sturdivant testified that the exchange lasted "maybe a couple of minutes at most." The officers further testified that they read appellant his *Miranda* rights once in the interrogation room during the recorded interview and that appellant voluntarily waived them.

Appellant testified that the officers spoke to him before the recorded interview; that one officer was polite and the other was not; that Sturdivant looked "angry" and "like he wanted to beat me or something"; that he felt fearful because the officers talked to him about gangs and what could happen to him; and that the officers told him that if he cooperated with them, they were going to keep him safe, give him protection, and help him. Appellant testified that this is the reason he chose to speak to the officers.

The trial court denied appellant's motion to suppress and issued findings of fact and conclusions of law. After trial, the jury found appellant guilty of felony murder, a lesser included offense, and assessed his punishment at imprisonment for life in the Texas Department of Criminal Justice Institutional Division and a $10,000.00 fine. Appellant appealed, and we abated the appeal for the trial court to enter additional findings of fact concerning whether the officers made any promises to appellant prior to the recorded statement and whether any such promises made appellant's statement involuntary.

The trial court's supplemental findings state that "Appellant never mentioned his being fearful during the interview, only nervous" and that "[n]o threats were made during the recorded interview according to the testimony." The trial court further found that the officers "engaged in acceptable interview techniques to elicit responses from Appellant." In the recorded interview, appellant

3

was given his *Miranda* warnings by Sergeant Duran.

The trial court implicitly found that appellant's testimony was not credible and concluded that "there is insufficient credible evidence to support the Appellant's claim that a promise was made to him by the officers that he would be kept safe from gang retaliation if he cooperated with them and that was why he agreed to give his recorded statement." Finally, the trial court found and concluded that appellant gave his statement to the officers voluntarily and "without fear, compulsion, promises and/or persuasion after the Appellant had been fully apprised of his rights and acknowledged an understanding of his rights. Appellant knowingly and intelligently waived his rights . . . ."[1]

## II. MOTION TO SUPPRESS

In his first issue, appellant argues the trial court erred when it denied his motion to suppress because he did not voluntarily waive his rights before providing his statement to the officers. Appellant argues his statements were coerced and involuntary because: (1) prior to being brought into the interview room where his interview was recorded, Duran spoke with appellant while he was in a holding cell and told him that they wanted to keep him safe and would try to help him out as much as possible; (2) Sturdivant appeared angry, like he wanted to physically assault appellant; and (3) Duran and Sturdivant told appellant they would keep him safe and provide protection from gangs if appellant cooperated.

## A. STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *See Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018). At a motion to suppress hearing, the trial court is the sole trier of fact and judge of the credibility of witnesses and the weight to be given their

---

[1] Appellant did not file an amended or supplemental brief.

testimony. *See id.* Thus, we afford almost complete deference to the trial court's findings of facts, and review findings of fact for an abuse of discretion, but we review de novo mixed questions of law and fact that do not depend on credibility or demeanor. *See id.*; *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013); *Scott v. State*, 572 S.W.3d 755, 760 (Tex. App.—Houston [14th Dist.] 2019, no pet.). We view the evidence in the light most favorable to the trial court's ruling, which will be sustained if it is reasonably supported by the record and correct under any theory of law applicable to the case. *See Miller v. State*, 393 S.W.3d 255, 262 (Tex. Crim. App. 2012); *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003); *Coleman v. State*, 627 S.W.3d 340, 342 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd).

## B.    APPLICABLE LAW

The Due Process Clause of the United States Constitution prohibits an involuntary confession if the confession results from police overreaching. *Colorado v. Connelly*, 479 U.S. 157, 165 (1986); *Oursbourn v. State*, 259 S.W.3d 159, 169–70 (Tex. Crim. App. 2008). Under *Miranda*, a statement's admissibility turns on whether a defendant voluntarily waived the right to silence and counsel. *Connelly*, 479 U.S. at 169–70, 107 S.Ct. at 523. The focus under *Miranda*, like the Due Process Clause, is police conduct. *Id.* ("*Miranda* protects defendants against government coercion leading them to surrender rights protected by the Fifth Amendment; it goes no further than that."); *Oursbourn*, 259 S.W.3d at 169–70.

Texas codifies and expands these protections. Under article 38.21 of the Texas Code of Criminal Procedure, a "statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion . . . ." Tex. Code Crim. Proc. Ann. art. 38.21; *State v. Terrazas*, 4 S.W.3d 720, 723 (Tex. Crim. App. 1999). "In all cases where a

question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions." Tex. Code Crim. Proc. Ann. art. 38.21, § 6.

## C. ANALYSIS

Here, the trial court's supplemental findings of fact and conclusions of law state:

> In the holding cell prior to the recorded statement being taken, there is insufficient credible evidence to support the Appellant's claim that a promise was made to him by the officers that he would be kept safe from gang retaliation if he cooperated with them and that was why he agreed to give his recorded statement. The Court further concludes as a matter of law and fact, that, if such statement was made by the officers, there is insufficient evidence that Appellant's understanding of his *Miranda* and statutory rights was affected to the degree Appellant did not make an independent, informed, and voluntary decision to waive his rights and give a free and voluntary statement to the officers.

Implicit in the trial court's supplemental findings and conclusions is a finding that it disbelieved appellant's testimony and that it believed the officers' statements that they did not make any promise to appellant or threaten appellant.

The trial court, as the sole judge and credibility of the witnesses, was free to disbelieve appellant and believe the officers' statements that they did not threaten appellant or make any promise to him.[2] *See Lerma*, 543 S.W.3d at 189–90. Thus, we cannot conclude that the trial court abused its discretion when it implicitly found that appellant was not threatened or promised anything by the officers.

---

[2] During the interview, appellant asks the officers "How are you going to help me?" Sergeant Duran responds, in part: "The thing is that to try to help you, the prosecutor can take these things under consideration, they can do a lot of things. *We cannot promise you anything. I want to make that very clear*." (emphasis added).

6

Accordingly, we cannot conclude that the trial court erred when it found that appellant's confession was given freely and voluntarily.

We overrule appellant's first issue.[3]

### III.    CONCLUSION

We affirm the trial court's judgment.

/s/     Margaret "Meg" Poissant
Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[3] Because we overrule appellant's first issue, we need not address his second issue, which is dependent on his first issue being meritorious. *See* Tex. R. App. P. 47.4.